UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
STEVE VERGARA, on behalf of himself
and all others similarly situated,

                Plaintiff,                          REPORT AND
                                                            RECOMMENDATION
   -against-
                                                             19 CV 2027 (DLI)(RML)

APPLE REIT NINE, INC. now known as
APPLE HOSPITALITY REIT, INC.,

                Defendant.
---------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated September 29, 2020, the Honorable Dora L. Irizarry, United States District Judge, referred plaintiff's motion for class certification to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiff's motion be granted.

## BACKGROUND

        Plaintiff Steve Vergara ("plaintiff" or "Vergara") filed this case on April 8, 2019, asserting claims against defendant Apple REIT Nine, Inc., now known as Apple Hospitality REIT, Inc. ("defendant" or "A-9"), a real estate investment trust, or REIT, organized under the laws of Virginia. (See Complaint, dated Apr. 8, 2019, Dkt. No. 1.) By Memorandum and Order dated March 31, 2020, Judge Irizarry dismissed plaintiff's breach of contract claim. (See Memorandum and Order, dated Mar. 31, 2020, Dkt. No. 19.) Therefore, plaintiff's only remaining claim is for breach of the implied duty of good faith and fair dealing under Virginia law. (See id.)

Plaintiff filed his motion for class certification on May 15, 2020. (See Motion for Class Certification, dated May 15, 2020, Dkt. No. 23.) Plaintiff, a resident of Suffolk County, New York, was a unitholder of A-9 before it merged into Apple Hospitality REIT, Inc. in mid-2014. (Amended Complaint, dated June 7, 2019 ("Am. Compl."), Dkt. No. 6, ¶ 12.) Plaintiff and the putative class consist of the pre-merger unitholders of A-9 who participated in the A-9 Dividend Reinvestment Plan ("DRIP") from April 8, 2013 through the termination and/or suspension of the DRIP (the "Class Period") on June 27, 2013. (Id. ¶¶ 1, 13.) During the Class Period, A-9 contracted with its unitholders to allow A-9 to provide consenting DRIP participants with units in lieu of cash dividends. (Id. ¶¶ 2, 13.) A-9 instituted the DRIP by filing a Form S-3 registration statement on or about December 10, 2010, which it amended and restated on February 19, 2013. (Id. ¶ 13.) The DRIP units were priced at $10.25 per unit throughout the Class Period. (Id. ¶ 5.) According to the Amended Complaint, "A-9 holders agreed to forego approximately $11 million in cash dividends in exchange for approximately 1.1 million units issued by A-9 in lieu thereof during the Class Period." (Id. ¶ 4.)

Plaintiff alleges that A-9 breached the implied covenant of good faith and fair dealing by exercising its discretion unfairly, arbitrarily, and in bad faith in maintaining the $10.25 per unit price when the actual fair market value of the DRIP units was considerably less, and by failing to establish any procedures to re-evaluate the DRIP unit price. (Id. ¶¶ 5, 68-69.) In other words, plaintiff claims that "as a result of Defendant's continued overvaluation of the unit prices of A-9, participants in the DRIP were shortchanged each time they received A-9 units in lieu of the cash dividends declared and paid by A-9 declaration of dividends." (Plaintiff's Memorandum of Law in Support of Motion for Class Certification, dated May 15, 2020, Dkt. No. 23-1, at 1-2.) The proposed class consists of:

>All persons and entities that elected to participate in the A-9 DRIP between April 8, 2013 through the end of A-9's Dividend Reinvestment Plan and received A-9 common stock in lieu of the declared cash dividend at a value of $10.25 per share.

(Am. Compl. ¶ 16.)

## DISCUSSION

Plaintiff's motion for class certification is governed by Rule 23 of the Federal Rules of Civil Procedure, which states that certification is appropriate if:

>(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). Plaintiff bears the burden of showing by a preponderance of the evidence that Rule 23's requirements are satisfied. See In re U.S. Foodservice Inc. Pricing Litig., 729 F.3d 108, 117 (2d Cir. 2013). In determining whether to grant a motion for class certification, the court may consider the parties' declarations and supporting materials, in addition to the operative complaint. See, e.g., Heredia v. Americare, Inc., No. 17 CV 6219, 2018 WL 2332068, at *2 (S.D.N.Y. May 23, 2018).

Defendant objects to class certification on the sole ground that plaintiff is allegedly an inadequate class representative because he "neither understands the claims asserted in this action nor believes in the fundamental factual basis of the claims." (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification, dated Aug. 31, 2020 ("Def.'s Mem."), Dkt. No. 26, at 3-4.) Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). This requirement seeks to ensure that the named plaintiff's interests are aligned with those of the class

and that the plaintiff's attorneys are qualified, experienced, and able to conduct the litigation. Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 60 (2d Cir. 2000); see also Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625-26 (1997). In considering Rule 23(a)(4)'s adequacy requirement, the primary factors are whether the class representative has any "interests antagonistic to the interests of other class members" and whether the representative has "an interest in vigorously pursuing the claims of the class." Denney v. Deutsche Bank AG, 443 F.3d 253, 268 (2d Cir. 2006) (citations omitted); see also Amchem Prods., 521 U.S. at 625 (1997) ("The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent.").

Defendant takes no issue with the qualifications or experience of plaintiff's counsel. Nor does it contend that plaintiff has a conflict of interest, is not a member of the purported class, or is subject to a unique defense. Rather, defendant argues that plaintiff is not an adequate class representative because, when questioned at his deposition, Vergara appeared confused at times about his claim for breach of the implied duty of good faith and fair dealing and the applicable time frame. For example, Vergara stated that he did not believe A-9 was acting arbitrarily or in bad faith during the Class Period. (See Def.'s Mem. at 8)(quoting Deposition of Steve Vergara, dated July 29, 2020 ("Vergara Dep."), Dkt. No. 26-2, at 91.) When asked "[w]hat, if anything, during the class period do you believe the board should have looked at in assessing the DRIP share price?" plaintiff responded, "[y]ou know, I don't know. I don't know." (Vergara Dep. at 84.) He also seemed unaware of settlement demands made on his behalf, did not know how many members would be in the class, and did not know why the Class Period began on a particular date or when it ended. (Id. at 66-68, 71, 72.)

4

Courts view with "general disfavor . . . attacks on the adequacy of a class representative based on the representative's ignorance." In re Flag Telecom Holdings, Ltd. Sec. Litig., 574 F.3d 29, 41-42 (2d Cir. 2009)(internal quotation marks omitted). Typically, "deficiencies in knowledge" necessary to disqualify a representative "must either pertain to issues central to the plaintiffs' case or . . . must be so substantial that they threaten to undermine plaintiffs' case as a whole." Scott v. N.Y. City Dist. Council of Carpenters Pension Plan, 224 F.R.D. 353, 355-56 (S.D.N.Y. 2004) (internal quotation marks omitted). Thus, the requirement that the class representative have knowledge of the facts of the case is a "modest one." Decastro v. City of New York, No. 16 CV 3850, 2019 WL 4509027, at *12 (S.D.N.Y. Sept. 19, 2019) (quoting In re Namenda Direct Purchaser Antitrust Litig., 331 F. Supp. 3d 152, 203 (S.D.N.Y. 2018)). The class representative must simply "be aware of the basic facts underlying the lawsuit and not likely to abdicate his obligations to fellow class members." Gordon v. Sonar Capital Mgmt. LLC, 92 F. Supp. 3d 193, 200 (S.D.N.Y. 2015) (internal quotation marks omitted) (quoting In re Monster Worldwide, Inc. Sec. Litig., 251 F.R.D. 132, 135 (S.D.N.Y. 2008)).

Plaintiff's deposition took place seven years after the Class Period. Considered in context, plaintiff's testimony demonstrated a firm, albeit basic, grasp of the allegations in this case. He stated that he knew this case arose from the conduct of the A-9 board of directors with respect to the DRIP and the valuation of the units (Vergara Dep. at 54), and he explained that he only came to believe that the unit price was too high after the DRIP program ended (id. at 37, 92).

There are cases where the named plaintiff is so ignorant of his or her claims and so detached from the litigation that the plaintiff cannot adequately represent the interests of the class. See, e.g., Russell v. Forster & Garbus, LLP, No. 17 CV 4274, 2020 WL 1244804, at *5

5

(E.D.N.Y. Mar. 16, 2020) ("Plaintiff has virtually no familiarity with this action and no understanding of his role as class representative" and therefore "is not an adequate class representative."); Scott, 224 F.R.D. at 356 (finding plaintiffs inadequate to serve as class representatives where they had an "alarming lack of familiarity with the suit, as well as little or nonexistent knowledge of their role as class representatives."); Beck v. Status Game Corp., No. 89 CV 2923, 1995 WL 422067, at *7 (S.D.N.Y. July 14, 1995) (finding plaintiffs were not adequate class representatives because "of their lack of familiarity with this suit and the lack of control that they have exercised over their attorneys.") (internal quotation marks and citations omitted)); Weisman v. Darneille, 78 F.R.D. 669, 671 (S.D.N.Y. 1978) (denying certification where "[p]laintiff did not meet with his counsel in the ten months between the filing of the complaint and the day preceding his deposition," could not "describe his claim or name the defendants," "was not even certain that he had seen a copy of the complaint before his deposition," and "[a]part from his awareness that he must bear the costs of the suit, [knew] none of the duties and responsibilities of a class representative[.]").  This is not one of those cases.

Plaintiff has diligently prosecuted this action since April 2019.  He testified that he initiated this lawsuit by contacting an attorney and has had regular communications with his counsel.  (Vergara Dep. at 53, 64.)  He has been actively involved in the case, having reviewed the complaint and the Memorandum and Order on defendant's motion to dismiss, appeared for a deposition, and responded to document requests.  (Id. at 53-65.)  He knows enough about this case to act as class representative and understands his responsibilities.  (See id. at 57-58, 69.)  I therefore find that Vergara is an adequate class representative.

6

Since defendant has raised no other objections, I find that plaintiff has met all of the requirements of Rule 23. I therefore respectfully recommend that plaintiff's motion for class certification be granted.

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motion for class certification be granted. Any objections to this report and recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
Unites States Magistrate Judge

Dated: Brooklyn, New York
February 5, 2021